**Myslim HOXHA, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 04–2292–AG.**

United States Court of Appeals, Second Circuit.

March 13, 2006.

---

* Alberto R. Gonzales is automatically substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioner.

Susan Lindquist, Assistant United States Attorney (Timothy M. Burgess, United States Attorney, on the brief), Anchorage, Alaska, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Myslim Hoxha petitions for review of an April 21, 2004, Board of Immigration Appeals ("BIA") order summarily affirming the February 14, 2003, decision of an immigration judge ("IJ") denying Hoxha's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). Hoxha argues that the IJ erred in (1) failing to make a finding regarding past persecution; (2) finding that Hoxha has not established that it is more likely than not that he will be subjected to future persecution if returned to Albania; (3) failing to consider evidence that Hoxha and his family were persecuted by the former communist regime; and (4) denying Hoxha's claim pursuant to the CAT. We assume familiarity with the facts and procedural history.

■ To be eligible for withholding of removal, a petitioner must establish by a clear probability that he will be persecuted because of his race, religion, nationality, membership in a particular social group, or political opinion if returned to the country of removal. 8 C.F.R. § 208.16(b). If a petitioner has suffered past persecution, a rebuttable presumption of a future threat to life or freedom is established. 8 C.F.R. § 208.16(b)(1). Where, as here, the BIA has affirmed an IJ's decision without opinion, we may review the IJ opinion directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003).

In this case, the IJ's failure to make express findings renders her decision unamenable to review by this court. First, the IJ did not make a finding regarding whether Hoxha has suffered past persecution. Instead, the IJ's decision is focused

solely on the question whether Hoxha has satisfied his burden of establishing that it is more likely than not that he will be persecuted in the future. The IJ therefore never determined whether Hoxha is entitled to the rebuttable presumption of future persecution described in 8 C.F.R. § 208.16(b)(1). Second, the IJ did not make an express finding regarding Hoxha's credibility. Therefore, the IJ's decision might have been based on a determination that Hoxha's past mistreatment did not indicate a likelihood of future persecution. Or it might have been based on a conclusion that, while the experiences that Hoxha described might establish a likelihood of future persecution, Hoxha had not, in fact, suffered the mistreatment that he described. Without more specific findings articulated by the IJ or the BIA, we are unable to determine whether the IJ's conclusions are supported by the record. We therefore remand this case to the BIA for the agency to more clearly express its basis for denying petitioner's withholding of removal claim.

█ To qualify for relief pursuant to the CAT, a petitioner must show that it is more likely than not that he will be tortured upon his return to the country of removal. *E.g., Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir.2004). There is substantial evidence to support the IJ's finding that Hoxha failed to establish eligibility for CAT relief. The IJ was correct when she noted that Hoxha had never been tortured in the past nor had he presented evidence to show that Albanian authorities regularly inflict torture on political protesters or illegal emigrants who return to the country. Indeed, Hoxha's attorney described his position as "if he came back he would possibly be tortured by the police." Therefore, that portion of Hoxha's petition that asks us to review his CAT claim is denied.

For the reasons set forth above, the petition for review is GRANTED in part and DENIED in part and the order of the Board of Immigration Appeals is VACATED in part.